[Civ. No. 7188. Fourth Dist. April 24, 1964.]

ORANGE COUNTY WATER DISTRICT, Plaintiff and Respondent, v. CITY OF COLTON, Defendant and Appellant.

Robert J. Webb and Alexander R. Tobin for Defendant and Appellant.

Surr & Hellyer and John B. Surr as Amici Curiae on behalf of Defendant and Appellant.

Rutan, Lindsay, Dahl, Smedegaard, Howell & Tucker and Pillsbury, Madison & Sutro for Plaintiff and Respondent.

Best, Best & Krieger, James H. Krieger, Arthur L. Littleworth and William R. De Wolfe as Amici Curiae on behalf of Plaintiff and Respondent.

FINLEY, J. pro tem.†—This is the fourth time that this case has been before the court on appeals. Prior decisions are reported in *Orange County Water Dist.* v. *City of Riverside,* 171 Cal.App.2d 518 [340 P.2d 1036]; *Orange County Water Dist.* v. *City of Riverside,* 173 Cal.App.2d 137 [343 P.2d 450] and *Orange County Water Dist.* v. *City of Riverside,* 188 Cal.App.2d 566 [10 Cal.Rptr. 899]. All of these decisions have become final as has the second amended judgment herein, which was entered on June 4, 1961, insofar as an appeal from the judgment itself as entered is concerned. In this second amended judgment the court: "... reserves full jurisdiction, power and authority to modify, amend or amplify any of the provisions of this judgment whenever climatic changes or other developments affecting the physical, hydrological or other conditions may in the Court's opinion justify or require such modification, amendment or amplification, and to make and enter all supplemental orders and take all supplemental proceedings which the Court may deem necessary or proper to enforce the provisions of this judgment or any modification, amendment or amplification thereof, either upon the Court's own motion or upon the application of any of the parties to this action."

By stipulation of the parties, appellant's motion was submitted to the trial court on written briefs to which, with consent, "amici curiae" briefs were added, one in partial support of appellant and one in support of respondent. The trial court thereupon filed its written "ruling and order" denying the motion and directing the clerk to enter the following order in the minutes. "By written and signed order of court filed herein, the motion of defendant City of Colton to modify and amend the judgment in this action and for supplementary order is denied."

In pressing its motion for modification and amendment of the second amended judgment, appellant proposed to obtain from certain of the overlying land owners in the City of Colton a so-called "Deed and Agreement" wherein said owners would grant to the San Bernardino Valley Municipal Water District, as the representative (or trustee) of appellant, as follows: "... all of the undersigned's right, title and interest in and to the waters underlying the property hereinbefore described, together with the right to extract the same for the purpose of furnishing a water supply to said

---

†Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

property, and together with all underground space beneath said property for the purpose of storing water and replenishing the water supply beneath said property.

"This instrument does not grant any surface rights or permit the district to place wells or pumping plants, or to enter upon or injure, the surface of said property in any manner whatsoever; and district shall extract water and make any replenishments to the underground water supply from facilities, and on lands, owned, leased or contracted by it, independent of this instrument."

Appellant's position is that the rights sought through such grants from owners of land overlying the water basin are severable from the land itself for purposes of joint extraction and use of the underlying waters and that the rights thus joined are in legal contemplation to be viewed and treated in all respects as though the same rights were being exercised by each of the land owners individually through the use of a separate well on each individual parcel.

Respondent maintains that such a proposal finds no sanction in the water laws of this state; that the water rights of overlying owners are appurtenant to the respective parcels as an incident of individual ownership and as such they cannot be severed without all rights of appurtenance being lost to the parcels from which they are severed.

Appellant seeks to equate all incidents of riparian ownership of lands on above-ground streams with those of overlying owners of subterranean or percolating or flowing waters.

Without going into the ramifications of riparian rights with the various similarities and differences between the purely riparian right and the right of lands overlying underground or percolating waters, suffice it to say that these rights are not entirely analogous and that all of the incidents of one cannot, on account of physical considerations alone, apply to the other. The waters of a surface stream to which lands are riparian can be accurately measured and can be dammed, directed, diverted and caused to flow by gravity on different levels above or across the lands to which they are incident and upon which they are to be used. For this reason alone joint diversions and uses by riparian owners would be physically possible and the effects thereof could be accurately observed and measured where this would be quite impossible with underground waters. These reasons would appear to underlie the sanction announced in those cases cited by appellant where joint diversions by riparian owners on above-

ground streams have been held to be a reasonable and lawful manner of making the most beneficial and economical use of riparian waters and about which lower users could not legally complain.

A description of the so-called Santa Ana River System is set forth in some detail in *Orange County Water Dist.* v. *City of Riverside, supra,* 173 Cal.App.2d 137, at pages 152-158. From what there appears, the litigants here are not dealing with flowing surface waters excepting to a very limited degree, but on the contrary with a combination of underground stream, percolating waters, and underground basins. In this sort of amalgamated system, the physical premises and reasoning giving rise to our riparian doctrines simply do not apply in all respects.

In the instant case, the second amended judgment purports primarily to adjudicate the prescriptive rights existing among litigants, which are all artificial creatures of the law. The judgment does, however, specifically exempt application of the adjudication as to such prescriptive rights from affecting the "proper exercise by any defendant of any riparian or overlying rights which it *may own,* provided that the quantity of water so used shall not exceed the amount reasonably required for beneficial purposes upon the parcel of riparian or overlying land *from which said water is produced.*" (Italics added.)

This part of the judgment does not delineate any right or go further than to recognize, without so finding, that there may be existing appurtenant rights superior to, or on par with, the prescriptive rights adjudicated which can be exercised only in accordance with the provisions of article XIV, section 3, of the California Constitution, which provides that water ownership which is incidental to land ownership extends only to so much water as can be put to beneficial use. The court goes on to provide that the "quantity so required [for beneficial purposes or use] may hereafter be fixed by the court from time to time by order supplementary to this judgment, upon application *of any party to the action.*"

In making this proviso, the court does not purport to reserve, and indeed it could not reserve unto itself in this action, the right to adjudicate new and after-acquired rights by any of the parties hereto which were nonexistent in that party at the time of pleading and trial of the issues, nor could it adjudicate rights of any nature between these liti-

gants and overlying land owners not parties to the action. If the appellant here would acquire by grant any number of individual rights from overlying landowners without acquiring all of them, the trial court could not, under the most favorable view, go further than to find that appellant would be entitled, as against these defendants, to take *some* additional water over and above its prescriptive allocation. It could not determine and decree how much could be taken, for other overlying landowners would be affected who are not before the court. Since, under the law, all overlying rights are correlative, in order to make a complete determination every parcel from which the right was purported to have been granted would have to be analyzed to determine its beneficial requirement of water in comparison with all other overlying parcels.

As stated above, the trial court here did not purport to retain jurisdiction to adjudicate after-acquired rights even as between these litigants. The language of the judgment is: "The provisions of Paragraph VII of this judgment shall not apply to the proper exercise by any defendant of any riparian or overlying rights *which it may own....*"

So far as anything appearing in this appeal shows, respondent has not raised this question, but is depending solely on its claim that there is no authority in the law for the acquisition and use by appellant of the character of right for which approval is sought. They contend that once the appurtenant right of an overlying owner to the waters beneath his land is severed, this severed right is no longer clothed with the same correlative attributes as when it was appurtenant to the land; that the right to the reasonable use of so much water as would have been allocated to the parcel from which it was severed vanishes as far as other overlying owners are concerned, and that the granting of such a right amounts, in essence, only to an estoppel by the grantor to question the taking and use by the grantee of the underlying waters covered by the grant.

The question of the right to adjudicate or declare future rights in water was considered in the case of *City of San Bernardino* v. *Riverside*, 186 Cal. 7, at pages 30-31 [198 P. 784]. The court said: "c. The judgment should not make any declaration of the right of any party to take in the *future* any water to which it has no *present* right." (Italics added.)

On the question of the effect of a grant by overlying

owners to a city or district, the court said this: "d. The plaintiff is not *substituted* to nor entitled to use the water or water rights of the owners of land within its limits unless it has acquired such right directly or indirectly from such land owners, and then only for use on the *particular land of such owner.*" (Italics added.)

In *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908, 937 [207 P.2d 17] the court, in discussing the adjustment of prescriptive rights, said: "The adjudication thus applies to existing rights, and there is no declaration as to future rights in water to which a party has no present right. Accordingly, the action of the court is not in conflict with the statement in *City of San Bernardino* v. *City of Riverside,* 186 Cal. 7 at pages 30-31 [198 P. 784], to the effect that *a court should not undertake to make a declaration as to future rights.*" (Italics added.) See also the recent case of *California Water Service Co.* v. *Edward Sidebotham & Son, Inc.,* 224 Cal.App.2d 715, 729 [37 Cal.Rptr. 1].

In the discussion herein and in this decision we do not wish to be understood as holding or suggesting that conveyances of a nature not before the court here would not be effectual in providing a means of joint extraction and use of underground waters. This questions is discussed in the early cases, *Hildreth* v. *Montecito Creek W. Co.* (1903) 139 Cal. 22, 29 [72 P. 395]; *and City of Glendale* v. *Crescenta Mut. Water Co.* (1955) 135 Cal.App.2d 784, 801 [288 P.2d 105].) The most recent case in which this subject is considered is *Erwin* v. *Gage Canal Co., ante,* p. 189 [37 Cal.Rptr. 901], just decided by this court. We are satisfied, however, that the instrument of grant here proposed by appellant, as it is phrased, would effectuate a severance of the right of the overlying parcel to underlying waters as a right appurtenant to the land, as distinguished from the grant to an agent or trustee of the right to capture and distribute this water to the overlying owners thereof. In this regard our holding is limited to the conclusion that the transaction, method of transfer, and instrument of grant upon which the City of Colton relies in support of the subject motion effects the severance of a water right from an overlying land to which it is appurtenant, and by so doing may estop the grantor from objecting to the use by the city of the water subject to such right, but does not authorize such use over objection by other overlying landowners.

The right sought by the appellants in this motion to

be passed upon and approved by the trial court did not constitute one of the issues before the court at the time of trial. Even though the court retained jurisdiction for broad purposes in connection with adjustment of such included issues as might arise subsequent to the entry of the judgment, it did not, nor could it have retained jurisdiction to pass upon new and different issues based upon after-acquired rights.

We hold that in the making of this motion appellant has sought to inject into the action a new issue, involving the determination of a new and different water right than those which were before the court for determination in the action as it was brought and considered by the court at the time of trial. Respondent has not objected on this ground although the point is mentioned in the amici curiae brief filed in partial support of appellant. ▮▮ In that brief under the heading, "D. *Untouched Questions,*" appears this query: "2. After final judgment is it proper to deal with rights not at issue upon trial?"

To this query the answer is, "No, it is not." ▮▮ A judgment outside the issues is not a mere irregularity; it is extrajudicial and invalid. (*Baar* v. *Smith,* 201 Cal. 87, 101 [255 P. 827].) Even though the subject matter falls within the category or class over which the court has exclusive jurisdiction, present jurisdiction if not conferred by the pleadings or pretrial proceedings, cannot be conferred by consent, waiver or estoppel (*Summers* v. *Superior Court,* 53 Cal.2d 295, 298 [347 P.2d 668]). To hold otherwise would be to open a veritable "Pandora's box" of uncalculated results. ▮▮ Not only do the parties, but also others whose rights or liabilities might be affected by specific litigation between the parties, have a right to know by reference to the records before, or at least at the time of trial, the issues which can be determined in that particular action. (*Baar* v. *Smith, supra,* 201 Cal. 87, 101.) Here many overlying rights not before the court would be affected by the granting of appellant's motion. The parties owning these rights are entitled to notice and an opportunity to resist any such interference with them as appellant proposed here. ▮▮ Their rights cannot legally be subjected to attrition through unlawful extension of the court's power to modify a final judgment which does in fact affect the availability of water to which these rights attach even though the unlawful extension of jurisdiction requested is not resisted, as such, by the other parties to the action.

 We hold that in this action and at the time appellant made this particular motion the trial court was without jurisdiction to grant it and therefore properly made its order denying the motion.

The order denying the motion is affirmed.

Griffin, P. J., and Coughlin, J., concurred.