[Civ. No. 10986.   Third Dist.   Feb. 16, 1966.]

COUNTY OF AMADOR et al., Plaintiffs and Appellants, v. STATE BOARD OF EQUALIZATION et al., Defendants and Respondents; EAST BAY MUNICIPAL UTILITY DISTRICT, Real Party in Interest and Respondent.

James E. Deasy and George A. Huberty, County Counsel, for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, Don Kaufmann and Ernest P. Goodman, Assistant Attorneys General, and Edward P. Hollingshead, Deputy Attorney General, for Defendants and Respondents.

Harold Raines, John B. Reilley and Frank E. Howard for Real Party in Interest and Respondent.

FRIEDMAN, J.—This consolidated appeal is a companion case to *County of Amador* v. *State Board of Equalization, ante*, p. 205 [49 Cal.Rptr. 448]. The present proceeding involves assessments by Amador and Calaveras Counties of East Bay Municipal Utility District's water rights at Pardee Dam for the tax year 1962-63 rather than 1961-62. Following the 1962 assessments by the two counties, the utility district applied to the State Board of Equalization for review and adjustment. A hearing was held at which the entire record of the 1961 hearing was admitted in evidence. The utility district and the counties introduced additional appraisal reports. The State Board of Equalization rendered decisions, reiterating its position on exemption of the state-

granted appropriative water rights and fixing the assessments on the taxable downstream rights at $337,600 for Amador County and $372,800 for Calaveras County. The counties appeal from judgments in mandate proceedings upholding the state board's action. Except in one respect the issues are precisely the same as in 3 Civil 10985.

In this case the counties contend that the value of the taxable water rights acquired by condemnation from the City of Lodi and Colorado Power Company amounts to 62.3 percent of the total market value of the water rights at Pardee Dam, rather than the 41 percent urged for the preceding tax year. They base this contention on testimony of their valuation witness, Mr. C. O. Henning. Mr. Henning ascribed to the Colorado Power Company—City of Lodi rights an additional value factor based not upon the natural flow of the Mokelumne River but upon a flow regulated by upstream operations of the Pacific Gas and Electric Company.

During the years in which it was defending the condemnation action filed by the utility district (see *East Bay Mun. Util. Dist.* v. *City of Lodi,* 120 Cal.App. 740 [8 P.2d 532]), Colorado Power was prosecuting an injunction against Pacific Gas and Electric Company, claiming that upstream hydroelectric operations of that firm were interfering with its plans to make use of the riparian rights attached to its 207 acres. As a result of the injunction action, Colorado Power had judgment awarding it $1,000 in cash, directing P. G. & E. to release and return to the river channel a minimum of 475 cubic feet per second (as permitted by rain and storage conditions) and declaring that Colorado Power "as owner of its said riparian lands, will have the right to use on its said lands, for all lawful riparian uses" the water so released. This judgment was affirmed by the Supreme Court in 1933. (*Colorado Power Co.* v. *Pacific Gas & Elec. Co.,* 218 Cal. 559 [19 P.2d 598, 24 P.2d 495].)

On the assumption that the rights which East Bay acquired by condemnation from the City of Lodi and Colorado Power Company included a property right to the additional flow generated by P. G. & E.'s duty to release 475 cubic feet per second, Mr. Henning attributed a diversion rate of 175,220 acre feet per year to the condemned (taxable) water rights, as contrasted with 92,043 acre feet calculated in his 1962 valuation. Viewing the 175,220 acre feet as an increment of the total diversion rate ascribed to the state-granted rights

at Pardee Dam (calculated at 224,400 acre feet per year), Mr. Henning estimated that of the $32,884,500 market value estimated for the total diversion for municipal and power uses, $20,509,000 was attributable to the taxable, acquired rights.

■ Quite aside from the board's undoubted power to reject one valuation approach and adopt another, the counties' contention is based on several erroneous assumptions of law. First, it assumes that Colorado Power and the City of Lodi had riparian right to a constant flow of 1,200 cubic feet per second, which was the capacity of a hydroelectric plant designed but never built. As we held in our companion decision (*ante*, p. 215), Colorado-Lodi had no right to a fixed flow but only to a reasonable riparian use. We note in this connection that Colorado and Lodi, as riparian owners, had no right to seasonal water storage for their proposed power project, but were limited to a run-of-the-stream operation. (*Colorado Power Co.* v. *Pacific Gas & Elec. Co., supra,* 218 Cal. at pp. 564-565; *Herminghaus* v. *Southern California Edison Co.,* 200 Cal. 81 [252 P. 607].)

■ Secondly, the counties assume that Colorado-Lodi's fixed entitlement to a flow of 1,200 second-feet was swollen by an additional fixed right to 475 second-feet derived from the Pacific Gas and Electric judgment. The judgment against Pacific Gas and Electric Company could not endow Colorado Power with more water than its reasonable riparian use on its 207 acres. (Cal. Const., art. XIV, § 3.) The judgment decreed a physical solution designed to protect that use. It did not purport to inflate that use beyond the limit of reasonableness and did not diminish the entitlement of other owners who were not parties to the action. (See *City of San Bernardino* v. *City of Riverside,* 186 Cal. 7, 30-31 [198 P. 784]; *Orange County Water Dist.* v. *City of Colton,* 226 Cal.App.2d 642, 646-648 [38 Cal.Rptr. 286].) Even within the limitation of reasonable riparian entitlement, the record is bare of any evidence that Colorado-Lodi's utilization of a flow of 1,675 second-feet was within the limits of physical and economic feasibility.

■ Third is the erroneous assumption that these rights to an aggregate fixed flow of 1,675 second-feet were acquired lock-stock-and-barrel in East Bay's condemnation action. We held in the companion case (*ante,* p. 215) that East Bay acquired no right to any fixed quantity of water, but only an

easement or immunity from interference which stabilized the water supply available to it as a result of its upstream appropriative permits.

In all aspects our disposition of the present consolidated appeal is identical with that made in the companion case. The judgments are reversed with directions to the trial court to remand these matters to the State Board of Equalization for further consideration and action, including but not limited to the rendition of findings.

Pierce, P. J., concurred.

REGAN, J.—I concur in the order of reversal.

This case involves the same problems as that involved in *County of Amador* v. *State Board of Equalization* decided this date. For the reasons set forth in my concurring and dissenting opinion in that case, *ante,* pages 225-228 [49 Cal. Rptr. 448, 462], it is my opinion that the water rights acquired are fully taxable.

The petitions of the appellants and of the defendants and respondents for a hearing by the Supreme Court were denied April 27, 1966. Traynor, C. J., and Burke, J., were of the opinion that the petitions should be granted.