Filed 10/5/21  Jaime v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| JUDITH JAIME, as Successor Trustee, etc., | F080872 |
| Plaintiff and Appellant, | (Super. Ct. No. BPB-16-002416) |
| v. |  |
| GARY LOPEZ, | **OPINION** |
| Defendant and Respondent. |  |

## THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Dessy & Dessy, Ronald D. Dessy and Fawn Kennedy Dessy for Plaintiff and Appellant.

Gary Lopez, in propria persona, for Defendant and Respondent.

-ooOoo-

Judith Jaime, plaintiff and successor trustee of The Revocable Living Trust of Frank C. Lopez and Ruby E. Lopez, appeals from adverse aspects of the trial court's ruling on her First Account and Report and supplement thereto, and on beneficiary Gary

---

* Before Detjen, Acting P. J., Snauffer, J., and DeSantos, J.

Lopez's objections. Ultimately, Jaime fails to demonstrate any colorable legal issue or abuse of discretion for our review. Finding her arguments unpersuasive, we affirm.

**FACTS**

Jaime did not request a reporter's transcript on appeal as she "does not question the factual findings" set forth in the trial court's February 10, 2020, order. We summarize the trial court's findings below:

Settlors Frank C. Lopez and Ruby E. Lopez executed the Revocable Living Trust of Frank C. Lopez and Ruby E. Lopez on November 30, 1988 (the Trust). Defendant and respondent Gary Lopez, along with Jaime, were Trust beneficiaries. After Frank's death, Ruby amended the Trust to appoint Jaime as successor trustee, whereas Jaime and Gary were originally appointed successor co-trustees. After Ruby's death on November 20, 2015, Jaime succeeded Ruby as trustee, and the Trust became irrevocable.

Jaime, as successor trustee, then filed an unlawful detainer action to remove Gary from Ruby's former residence, which belonged to the Trust, because Gary occupied the property without paying rent. Following a trial which began on May 26, 2016, the court ruled in Jaime's favor; however, to enforce the judgment, Jaime had to use Trust assets to remove Gary after he refused to vacate the property.

During the unlawful detainer action, on May 16, 2016, Gary filed a petition to invalidate the Trust amendment designating Jaime as sole successor trustee. Attorney fees and costs accumulated for more than two years until November 6, 2018, when the court upheld the Trust amendment.

On March 22, 2018, while the unlawful detainer action was ongoing, Jaime, as successor trustee, filed her First Account and Report; she filed a supplement to the Account on October 2, 2019. The Account and its supplement covered from November 10, 2015 through August 7, 2019. Meanwhile, on November 28, 2018, Gary, in his capacity as a Trust beneficiary, filed the objections which form the core of this case.

2.

Gary complained, in pertinent part, that the Account lists a promissory note memorializing his debt to the Trust and interest due on the note because, he claims, he paid off the note. He also objected that "[t]he Account fails to list or account for any of the jewelry that was property of the decedent Ruby E. Lopez." He further noted the oddity that the Account lists a disbursement to a jeweler for an appraisal of jewelry Jaime admits was buried with Ruby. Finally, Gary protested the Account's lack of support—invoices, explanations, receipts— for nearly $50,000 paid to Jaime's counsel, Dessy & Dessy, for legal work.

Lacking the record, we cannot determine what occurred leading up to and during the November 8, 2019 trial or any subsequent hearings. However, pertaining to the above objections, the trial court in its statement of decision determined that:

1. Based on testimony and records offered to the court, Gary did not pay off the installment note, nor did Ruby forgive the debt. Rather, Ruby's failure to collect on the note during her lifetime waived the interest on the note until she was unable to care for herself. The parties also agreed to a credit against the debt issued to Gary based on his caring for Ruby. Finally, the Trust itself waived interest on the debt after Ruby's death. Therefore, the court reduced Gary's debt pursuant to the interest waivers and the credit.

2. As Jaime's counsel admitted, the jewelry valued at nearly $30,000 was buried with Ruby. Furthermore, Jaime failed to show that the Trust required the jewelry's burial. The court also accepted Jaime's acknowledgment that the jewelry appraisal was not a proper charge to the Trust. Consequently, the court surcharged Jaime for the value of the jewelry and the cost of the appraisal.

3. Though the trial court upheld Dessy & Dessy's attorney fees paid by the Trust, the trial court found that Jaime offered insufficient evidence to justify a $15,799.56 bill by another attorney, Dawn Kennedy, who Dessy

3.

apparently brought in as an "expert in trust matters." The court surcharged Kennedy's bill against Jaime's distributive share.

Jaime thereafter filed this appeal, requesting that we direct the trial court to calculate the balance on the installment note without any waiver of interest and reverse the trial court's surcharges for the jewelry and attorney fees.

## STANDARD OF REVIEW

We have jurisdiction on appeal pursuant to Probate Code[1] section 1300, subdivisions (b) and (g). Furthermore, because the facts of this case are undisputed, we review the legal effect and significance of those facts de novo. (*Gomez v. Smith* (2020) 54 Cal.App.5th 1016, 1026.) Where a trial court's decision relies on factual and legal bases for its decision, we resolve any factual conflicts in favor of the decision. (*Ibid*.) Finally, where the trial court's decision is based on a broad grant of discretion, we review the court's decision for abuse of discretion and determine whether the trial court's decision exceeded the bounds of reason, resulting in a miscarriage of justice. (*Antelope Valley Groundwater Cases* (2021) 62 Cal.App.5th 992, 1027 (*Antelope*).)

## DISCUSSION

### I. Due Process Objections

Jaime contends on all three issues— the note, the jewelry, and the attorney fees— that the proceedings did not afford her adequate due process. We disagree.

"[D]ue process entitles a person to notice and the opportunity to be heard before a neutral decision-maker." (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 82 (*Kwan*).) Whether the proceedings afforded a party adequate due process requires a detailed factual analysis specific to the proceedings. (See *JMS Air Conditioning & Appliance Service, Inc. v. Santa Monica Community College Dist*. (2018) 30 Cal.App.5th 945, 961 (*JMS Air*).) Without a record, we lack the ability to conduct

---

[1] Undesignated statutory references are to the Probate Code.

4.

such an analysis.  Furthermore, we disregard Jaime's due process claims because she cannot demonstrate how the proceedings failed to give notice and an opportunity to be heard if no record of the proceedings exists.  (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*) ["[W]e may disregard factual contentions that are not supported by citations to the record."].)

Even without knowledge of the proceedings, we find sufficient notice exists for the issue of waiver on the installment note's interest.  Jaime cites *Orange County Water Dist. v. City of Colton* (1964) 226 Cal.App.2d 642, 649 (*Orange*), which says that "parties . . . have a right to know by reference to the records before, or at least at the time of trial, the issues which can be determined in that particular action."  Jaime complains that because the issue of waiver on the installment note's interest was not mentioned in Gary's objections, Jaime had no warning to prepare that issue prior to trial.  However, the trial court based its finding on testimony and records offered at trial, which we do not have.  The issue of waiver was therefore clearly presented at trial, which is sufficient notice.  (*Ibid.* [notice need only occur "at least at the time of trial."].)

For the jewelry and attorney fees issues, Jaime refers back to her due process argument against waiver on the installment note's interest.  However, Jaime does not explain how Gary's objection that "[t]he Account fails to list or account for any of the jewelry that was property of the decedent Ruby E. Lopez" is anything but notice.  Nor does Jaime show how the trial court failed to give Jaime "the opportunity to demonstrate the reasonableness" of the attorney fees.  Because Jaime fails to develop these arguments, she waives these points.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852) (*Benach*) ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)  Based on the foregoing, we reject Jaime's due process objections.

5.

## II.    Other Objections

Jaime lodges other objections to the trial court's order regarding the installment note, the jewelry, and the attorney fees.  We find Jaime's arguments lack merit.

### A.    The Installment Note

Jaime argues that Ruby's mere failure to collect on the note is insufficient to constitute a waiver of interest on the note.  "Whether or not a waiver has taken place is ordinarily a question of fact" and not a pure question of law.  (*Kawasho Internat., U.S.A. Inc. v. Lakewood Pipe Service, Inc*. (1983) 152 Cal.App.3d 785, 794; *Tas-T-Nut Co. v. Continental Nut Co*. (1954) 125 Cal.App.2d 351, 355.)  Because Jaime explicitly accepted the trial court's findings of fact, Jaime also accepted that Ruby waived the interest payable on the note.

Moreover, Jaime cannot complain that the facts and testimony considered by the trial court were legally insufficient while simultaneously choosing to not provide the facts and testimony considered by the trial court.  Finally, Jaime's citation to Civil Code section 3287, subdivision (a) is inapposite because it applies only to interest on *awarded damages*, which as Gary correctly notes, "has no application to this case."

### B.    The Jewelry

Jaime contends Gary "judicially admitted" the jewelry was not Trust property when he objected to Jaime's failure to "list or account for any of the jewelry that was property of the decedent Ruby E. Lopez."  As Jaime correctly quotes, "a judicial admission is ordinarily a factual allegation by one party that is admitted by the opposing party."  (*Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446, 452, italics omitted.)  As Gary correctly notes, his objection "is not an admission that Decedent's jewelry was not part of her estate."  To object that property is not properly accounted for is to claim that said property belongs to the trust because an account should only list assets belonging to the trust.  (See § 16063, subd. (2).)

Jaime next complains that the trial court's surcharge for the appraisal was improper if the jewelry belonged to the Trust. The trial court has broad discretion to decide necessary and reasonable expenditures during administration. (*In re Estate of Fraysher* (1956) 47 Cal.2d 131, 136 (*Fraysher*).) We will not disturb the trial court's decision unless the party opposing that decision demonstrates that the trial court abused its discretion. (*Ibid.*) To demonstrate abuse of discretion, the opposing party must show the trial court's decision exceeded the bounds of reason, resulting in a miscarriage of justice. (*Antelope*, *supra*, 62 Cal.App.5th at p. 1027.)

Jaime fails to demonstrate the trial court abused its discretion. As successor trustee, Jaime had a duty to take reasonable steps to preserve Trust property. (§ 16006.) She violated this duty when she spent Trust assets to appraise jewelry already buried underground. Failing to provide any cogent argument showing the trial court abused its discretion and having admitted to the trial court that the charge for the appraisal was improper, we find this point unsupported.

### C. Attorney Fees

Jaime argues the trial court improperly violated section 10901, which requires a personal representative to produce documents specified in a court order or requested by an interested person. Yet Jaime fails to explain how a trial court can violate a statute that imposes no duty on the trial court. She does state that this section "is clearly a remedial statute designed to facilitate the court's resolution of the accounting on the merits." Without any cited authority such as legislative history or case law, we find this interpretation hardly clear, and, thus, Jaime waives this point. (*Benach*, *supra*, 149 Cal.App.4th at p. 852) ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

Jaime next cites section 11005, which provides that the court must uphold payment of a debt from an estate even if the creditor filed no claim and failed to follow

procedure if the following are proven: (a) the debt was justly due; (b) the debt was paid in good faith; (c) the amount paid did not exceed the amount reasonably necessary to satisfy the indebtedness; and (d) the estate is solvent. From this, Jaime concludes, without argument, that "[i]t reasonably follows that the court should simply defer approval of the questioned attorney fees until the final accounting, giving the trustee the opportunity to demonstrate the reasonableness of the debt paid."

Jaime's conclusion fails for several reasons. First, it is unsubstantiated by reasoned argument and citations to authority, and it is thus waived. (*Benach*, *supra*, 149 Cal.App.4th at p. 852) ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].) Second, as we have said, the trial court has broad discretion to decide necessary and reasonable expenditures during administration. (*Fraysher, supra,* 47 Cal.2d at p. 136.) Clearly, the trial court did not find the above four factors present. Jaime fails to carry her burden to demonstrate that the trial court's decision exceeded the bounds of reason, resulting in a miscarriage of justice. (*Antelope*, *supra*, 62 Cal.App.5th at p. 1027.) Lastly, Jaime's conclusion assumes that she did not have "the opportunity to demonstrate the reasonableness of the debt paid." Without a record, we are unable to evaluate this claim.

We find that, as with all other issues in this case, Jaime has failed to demonstrate any legal error. Consequently, we affirm the trial court's rulings.

## DISPOSITION

The trial court's February10, 2020, order is affirmed. Costs on appeal are awarded to respondent.